S. KOHLMAN *v.* FIRST NATIONAL BANK OF MERIDIAN.

1. AMENDMENT. *Withdrawing plea. Substituting real party. Code* 1892, §§ 714, 715.

On the trial of a motion by plaintiff against a sheriff for failure to pay over money realized under execution, it is proper to allow the officer to withdraw his plea and make an affidavit for substitution of a claimant of the fund as the real party in interest. Code 1892, §§ 714, 715.

2. CLAIMANT'S ISSUE. *Priority of attachments. Proceeds of property.*

An affidavit propounding a claim to proceeds of goods, alleging that they were attached by affiant, who obtained judgment; that plaintiff attempted to levy an attachment thereon but did not; that the property was duly advertised for sale by a constable, under affiant's judgment, when it was agreed by all parties in interest that the constable should not sell, but should retain possession until a trial as to priority; that afterwards plaintiff obtained judgment, and, in violation of the agreement, caused the sheriff to take possession of and sell the property thereunder, despite affiant's protest; that the proceeds belong to affiant under his judgment, and not to plaintiff, presents a good claim.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

Appellee, the First National Bank of Meridian, recovered a judgment in attachment against the firm of Litchenstein & Metzger, and certain goods attached were sold by the sheriff. This is a motion by the bank against the sheriff and the sureties on his bond for failure to pay over the proceeds. To this motion the sheriff filed a plea, which was demurred to by the plaintiff. Before any action on the demurrer, without leave of court, he filed an amended plea, which was also demurrer to, but, before it was heard, the sheriff made an affidavit under §§ 714, 715, code 1892, alleging that S. Kohlman and Charles Hafter, without collusion with him, claimed the money in his hands arising from the sale of the property. The affidavit alleged readiness to dispose of the fund as the court should direct. Defendant was granted leave to withdraw his pleas, and Kohlman and Hafter were ordered to be made parties defendant and required to assert their claims.

The action of the court in permitting the withdrawal of the plea by the sheriff and the filing of the affidavit was objected to by the plaintiffs, and is assigned for error. Kohlman appeared and propounded, in writing, his claim for $150 of the money in the sheriff's hands, and the case, as presented on this appeal, arises solely on the claim propounded by Kohlman, the record being silent as to any claim by Hafter. The facts upon which Kohlman, by his amended plea, predicates his claim are fully set out in the opinion. The plaintiff demurred to this plea, assigning thirteen grounds of demurrer, which it is not deemed necessary to set out with particularity, since, taken together, they merely present the question of the sufficiency of the facts alleged to sustain the claim.

*Cochran & Bozeman*, for appellant.

The goods sold by the sheriff had been previously levied on by the constable under claimant's attachment. The circuit court acquired no jurisdiction over the property, and its judgment, condemning it to be sold, is void. *Dyson* v. *Baker*, 54 Miss., 24. In having the sheriff make the sale, plaintiff violated its agreement with the constable and appellant's counsel.

The fact that the sheriff had filed a plea did not deprive him of the right to withdraw from the litigation, and have the real claimant substituted. Code 1892, §§ 714, 715. The proceeding by the sheriff did not displace the prior lien of Kohlman, nor could it be lost because possession of the property was taken from the officer who made the levy. 1 Wade on Attachments, § 165. Since the purchaser took the property discharged of all liens, Kohlman was remitted to his claim for the money arising from the sale. The facts alleged in the claim were clearly sufficient, and the demurrer should have been overruled.

*Hamm, Witherspoon & Witherspoon*, for appellee.

1. The circuit court had no jurisdiction of Kohlman's claim, because it was for less than $200.

2. Kohlman was not a proper party. His substitution in lieu of the sheriff was erroneous. The statute only provides for the substitution of a party claiming the subject-matter of the suit in lieu of a defendant who disclaims any interest therein. The affidavit of the sheriff does not show that the money had been taken from him, but admits that he still has it in his possession. So long as he retains the money he cannot justify his retention of it. If it had been taken from him by Kohlman under proper process, that would justify this proceeding. It is conceded that the money was realized under appellee's attachment. It was therefore the sheriff's duty to pay it over immediately on demand. He cannot evade this duty by substituting another in his place.

3. The demurrer was properly sustained. The plea of Kohlman was wholly insufficient. He neither denies nor confesses and avoids the facts stated in the motion. A sheriff may lawfully seize and sell personal property subject to a prior lien. The sale does not displace such lien, and, except in case of sales under judgment, the officer is not concerned with the disposition of the money between the lienors. Possession by the officer is not only necessary to the creation of the lien, but to its continuance. When the constable surrendered possession to the sheriff, Kohlman's lien was lost, and his remedy was against the constable.

WOODS, J., delivered the opinion of the court.

The action of the court below in permitting the sheriff to withdraw his pleas and file the proper affidavit required by our statute—§§ 714, 715, code of 1892—was so manifestly correct that any remark seems unnecessary. Indeed, any other action would have been in disregard of the spirit and the letter of our law, which confers on courts " full power to allow all amendments to be made in any pleading or proceeding at any time before verdict, so as to bring the merits of the controversy between the parties fairly to trial, and may allow all errors and mistakes in the name of the party or in

the form of the action to be corrected." The course of judicial procedure in this enlightened age of law has ceased to be a pathway beset with springs and traps to trip and ensnare the ignorant and the unwary, and now the humblest and the least learned may safely appeal to the courts of justice for the hearing and determination of their complaints and defenses, seeing it is the duty of such courts to lend all their powers to bring the merits of every controversy fairly to trial. In this case, Kohlman was the real defendant, and the court correctly permitted the nominal defendant, the sheriff, a mere stake-holder, to make affidavit as to the claim of the real party in interest. The contention of appellee's counsel that Kohlman was not a proper party to be substituted, involves a total misconception of the design and meaning of the statutes referred to. Their proper construction lies upon their face, and they exactly met the necessities of this controversy. They were designed for just such cases.

The facts set up in Kohlman's written claim to a part of the fund in the sheriff's hands entitled him to judgment to the amount of such fund derived from the sale of the property levied on under his attachment suit. It appears from the written statement of Kohlman's claim that his attachment writ was sued out October 26, 1892, and levied upon the goods whose subsequent sale created the fund in dispute; that the constable who made the levy took possession of the property so levied upon, and returned said writ with the indorsement of his levy and action to the justice's court from which it issued; that November 15, 1892, Kohlman recovered judgment in said magistrate's court sustaining his attachment, and also judgment against the defendants in that suit for $150, and condemning the property so levied on to be sold to satisfy the judgment; that at and after the date of said levy, the constable was and remained in the exclusive possession and control of the property so levied upon, and, though subsequent to the levy, the sheriff attempted to make a levy of an attachment writ sued out by the bank, the ap-

pellee, yet, in fact, no levy was made by him; that after the recovery of judgment in November, 1892, as already stated, the constable properly advertised the property for sale, but before the day of sale arrived it was agreed by and between the constable and Kohlman's attorneys on the one part, and the sheriff and the bank's attorneys on the other part, that the property should not be sold, but should remain in the possession of the constable until the circuit court of Lauderdale county should determine the rights of the respective parties in the premises; that in January, 1893, the said bank obtained judgment in its attachment suit—the defendants therein being the same persons against whom Kohlman had previously recovered his judgment—and in its judgment erroneously had condemned to sale the same property levied upon under Kohlman's writ, the sheriff having pretended to levy the bank's writ thereon, though he never had levied in truth; that the bank, after obtaining its judgment, well knowing Kohlman's rights by virtue of his levy of his attachment and of his lien on the property, in violation of its agreement hereinbefore set out, wrongfully had an execution issued and put in the sheriff's hands, and requested the officer to advertise the goods for sale; that Kohlman immediately protested to the officer, in writing, and notified the sheriff not to sell, but, in case he should sell, then to hold the proceeds arising from the sale of the property subject to the order of the said Lauderdale circuit court; that the sheriff, disregarding said protest, disregarding Kohlman's rights and disregarding the said agreement, forcibly deprived said constable of the possession of the property, and sold the same under the bank's *venditioni exponas;* that the sheriff obtained from such sale of the property $150, and now holds the same, and that Kohlman and not the bank is entitled thereto.

If these facts do not disclose inexpugnable ground on which to rest Kohlman's claim to the proceeds of the property, it is impossible to conceive of any state of case in which a third party could successfully propound a claim to the pro-

ceeds of personal property taken and sold by an officer under legal process. There is not the slightest merit in any one of the numerous causes of demurrer assigned, and the court should have promptly overruled the same, and have required the bank to answer and contest Kohlman's claim, or, in default thereof, have entered judgment in favor of the claimant.

*The judgment of the court below is reversed, the demurrer is overruled and the cause remanded for further proceedings in accordance with this opinion.*